## BOND OF A RESIDUARY LEGATEE.

[Circuit Court of Cuyahoga County.]

HENRY A. TIDD, ADMINISTRATOR, v. MELISS BLOCH ET AL.

Decided, March 15, 1904.

*Bond—Executed by a Legatee for Payment of Debts of Estate—Is a Lien as Against Such Legatee Upon Real Estate—Conveyed in Trust for the Protection of the Surety—Rights of the Surety May Be Determined in a Suit to Sell the Realty—But Costs and Expenses of Administration Must be Fixed by the Probate Court—Appeal.*

1. The bond of a residuary legatee to pay the debts of the estate is a lien as against the legatee upon realty conveyed in trust for protection of the surety on the bond.
2. An action to sell such realty has all the essentials of a civil action, and may be brought in either the court of common pleas or the probate court, and in either court in which the

suit may be brought, or on appeal, the rights of the several parties in the subject matter may be determined.

3. But the probate court having exclusive jurisdiction to settle the accounts of executors and administrators, it is incompetent, where such a suit is brought in the common pleas, for that court to attempt to fix the costs and expenses of administration.

MARVIN, J.; HALE, J., and WINCH, J., concur.

Appeal by plaintiff.

Aaron Bloch, late a resident of this county, died intestate, in March, 1897. By his will he made certain bequests, and then bequeathed, after payment of his debts, all the residue of his estate to his widow, Meliss Bloch, the plaintiff in error, and named her as executor of his will. She declined to act as executor, and thereupon the probate court of this county appointed Claude D. Fish administrator with the will annexed of the estate of said deceased. On the 27th day of October, 1897, the probate court, on motion of said Meliss Bloch, removed said administrator, making upon its journal the following entry:

"On this 27th day of October, 1897, the motion for the removal of the administrator filed by Meliss Bloch, widow and legatee under the will of Aaron Bloch, came on to be heard upon the exhibits and testimony, and was argued by counsel; whereupon the court, being fully advised in the premises, does find that the bulk of the assets of said estate consist of the capital stock in the Bloch Billiard Table Company; that by the terms of the last will and testament of the decedent, Meliss Bloch, after the payment of small legacies, is the residuary legatee of all said property; that she is capable of acting in her own right; that the debts of said estate are due to sundry persons in the amount of $670 and upwards; that with the payment or security of the debts, the further administration of the estate, to-wit, the management of said capital stock, can best be subserved by permitting the legatee to manage the same herself; that said administrator has committed no acts of malfeasance or misfeasance in office, but has been a faithful, diligent and efficient administrator, and was not incompetent, nor did he procure said trust by misrepresentation, fraud or otherwise, and said administrator is in no sense impeached by this order. It is therefore hereby ordered and adjudged that the motion to remove the administrator and terminate the trust, be and is hereby granted, and the administrator is hereby ordered to make his final settlement within ten

days, and the further administration of this estate, at the option of said legatee, be conducted by her and in pursuance of the statute authorizing a residuary legatee to give bond to pay debts, which shall be given to the approval of the court within ten days.

"On this 30th day of October, 1897, it appearing to the court by certificate of the Clerk of the Court of Common Pleas that one of the heirs of Aaron Bloch has begun an action in the court of common pleas to contest the will, and it appearing to the court that Meliss Bloch, residuary legatee under said will, should give a sufficient bond to answer for the assets of said estate, if the will of said decedent should be set aside, it is thereupon ordered that she give bond as residuary legatee in the sum of $18,000, on or before November 10th, 1897, conditioned according to law, with sureties to be approved by the court, and the order of October 27th, 1897, in regard to said bond is modified accordingly. And it further appearing to the court that the former administrator has filed his final account and makes claim for compensation, the same is set for hearing November 4th, 1897, at 10 A. M., together with the application of said Meliss Bloch for her appointment as executrix, she having filed her affidavit as to what said estate consists of and the probable value thereof."

Thereupon the said Meliss Bloch applied to The National Surety Company to become surety upon her bond, ordered by the probate court as hereinbefore set out. And on the 6th day of November, 1897, said surety company did execute a bond as surety for said Meliss Bloch, and the same was filed by her in said probate court, in pursuance of its said order. Said bond reads as follows:

"*Know All Men By These Presents*, That I, Meliss Bloch, as principal, and The National Surety Company, a corporation, and George Bloch as sureties, are firmly held and bound unto the state of Ohio, in the penal sum of eighteen thousand ($18,-000) dollars, for the payment of which sum, well and truly to be made to the said state of Ohio, we do bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents. In witness whereof, we hereunto subscribe our names this 6th day of November, A. D. 1897.

"The condition of the above obligation is such, that if the above named Meliss Bloch, sole residuary legatee and devisee of Aaron Bloch, and sole executrix of the last will and testament of Aaron Bloch, deceased, late of the city of Cleveland, county of Cuyahoga and state of Ohio, shall pay all the debts and lega-

cies of the said Aaron Bloch, deceased, and the just charges of the administration, and shall pay over said estate to the person entitled thereto in case the will of the said Aaron Bloch be at any time set aside, then this obligation shall be void, otherwise the same shall remain in full force and virtue in law.'' Here follow the signature of the parties.

Upon the filing of said bond as aforesaid the court entered the following upon its journal:

''Now comes Meliss Bloch, residuary legatee, and presents her bond as such, in the sum of $18,000, with Geo. R. Bloch and the National Surety Company as sureties, to the approval of the court, and it is ordered that said estate be turned over to her.''

And later said court entered the following upon its journal:
''It appearing to the court that Meliss Bloch, the residuary legatee herein, has filed her bond as such, the order hereinbefore made is found to be complied with'' and the personal estate of the deceased was thereupon delivered to her by the administrator hereinbefore named. No letters testamentary were ever issued to the said Meliss Bloch.

At the time of the execution of said bond by the surety company the said Meliss Bloch together with her son, George R. Bloch, entered into an obligation in writing to said surety company, whereby they agreed to pay certain premiums to it for the giving of said bond, and whereby they undertook and agreed to indemnify said company from loss on account of said bond, the language of the obligation in that regard being as follows:

''That we will at all times indemnify and keep indemnified the company and hold and save it harmless from and against any and all demands, liabilities and expenses of whatsoever kind or nature, including counsel and attorney's fees, which it shall at any time sustain or may incur by reason, or in consequence of having executed said instrument, and that we will pay over, reimburse and make good to the company, its successors and assigns, all sums and amounts of money which the company or its representatives shall pay or cause to be paid or become liable to pay, under its obligations upon said instrument, or as charges and expenses of whatever kind or nature, including counsel and attorney's fees by reason of the execution thereof, or in connec-

tion with any litigation, investigation or other matters connected therewith, such payment to be made to the company as soon as it shall have become liable therefor, whether it shall have paid out said sum or any part thereof or not.''

At the time of the giving of the foregoing instrument, the said Meliss Bloch and her said son, George R. Bloch, executed and delivered to F. H. Goff a warranty deed of certain real estate which was owned by the said Aaron Bloch at the time of his death. This deed was expressed to be in trust:

''To secure the National Surety Co. of New York for any loss, damages, cost or expense it may in any manner sustain by reason of having signed as surety a certain bond in the sum of $18,000 for the said Meliss Bloch as executrix and residuary legatee under a will of Aaron Bloch, deceased, late of Cuyahoga county, Ohio, which will has been probated and is being administered in the probate court of said county. When the liability of said surety company upon said bond shall have terminated and all premiums due to said company for executing the same shall have been paid, said trustee shall reconvey said lands to said Meliss Bloch, her heirs and assigns.''

As has already been said, under the will of Aaron Bloch Meliss Bloch was given all the property after the payment of certain legacies and the payment of debts so that the real estate conveyed by this deed belonged to Meliss Bloch, subject to the payment of such debts and legacies and the costs and expenses of administering said estate. Presumably the reason for having George R. Bloch join in the deed was, that there was, at the time of its execution, a suit pending to set aside the will of the testator which, if successful, would give to the son an interest in this property as an heir, but as that suit was unsuccessful, it need not be considered in the determination of this case.

Later, without any further order having been made by said probate court in relation to Meliss Bloch, Henry A. Tidd was appointed by said last named court administrator de bonis non with the will annexed of the estate of said deceased. This appointment was vaild and had the effect to take from Meliss Bloch any right of further administration, if she had any such right. On the 18th day of May, 1899, he filed his petition, as such administrator, in said probate court, setting out that there were

debts of said decedent remaining unpaid, and praying for an order authorizing him to sell the real estate of the deceased, described in said petition, it being the same as that described in the trust deed to Goff.   In this action Meliss Bloch, the heirs at law of Aaron Bloch, deceased, The National Surety Company, F. H. Goff, trustee, and various parties having or claiming liens upon said real estate, created in the lifetime of said Aaron Bloch, were made parties defendant.

The several defendants answered, setting up their claims, and all consenting to a sale of the premises and that the avails of the sale should be brought into court and the rights of the parties thereto determined.   Thereupon sale was ordered, made, reported and confirmed and the court then heard the case as to the rights of the several parties to the avails of such sale and entered its judgment thereon.   From this judgment appeal was taken to the court of common pleas, where the case was tried and judgment had.

The answer of The National Surety Company and F. H. Goff, trustee, sets up a claim for payments made and expenses incurred and premiums due under the agreement made with said company by Meliss Bloch and George R. Bloch, and claimed that under the trust deed said company had a lien on the interest of Meliss Bloch in said real estate.   The present proceeding is brought by Meliss Bloch to reverse this judgment of the court of common pleas.   Complaint is made that the court fixed the amount owing to the surety company under the obligation given to it by Meliss Bloch and George R. Bloch, and finding the same to be a lien on said premises as against Meliss Bloch.

It is argued, first, that as letters testamentary were not issued to Meliss Bloch, there was no authority for the giving of the bond by her on which the surety company was surety.   The bond which she undertook to give and which the surety company supposed she was giving is provided for in Section 5997, Revised Statutes, and reads:

"If the executor is residuary legatee, he may, instead of the bond prescribed in the preceding section, give a bond in a sum and with two or more sureties to the satisfaction of the court, with condition to pay all the debts and legacies of the

testator and to pay over said estate to the persons entitled thereto, in case the will at any time be set aside.

"In which case he shall not be required to return an inventory, unless it shall be made to appear to the satisfaction of the probate court that an inventory should be made and returned, whenever it appears that the probable value of said estate is less than $500.

"The executor shall not be liable for legacies paid to legatees other than himself, after twenty-four months from the probating of the will, and before an action to set the same aside has been commenced; the legatee, however, shall be liable to repay the legacy and interest thereon if the will be set aside."

It will be noticed that the bond given is in exact conformity with this statute, so that, without doubt, it could have been enforced against the surety company had letters testamentary been issued to Meliss Bloch.

As we view this case it is not necessary to determine whether the orders hereinbefore quoted, made by the probate court, constituted her the executor or not. There can be no doubt that the court might have made her such, by proper orders, even though no letters were issued to her. The letters are simply the evidence of her appointment. Just what language it would be necessary to incorporate in an order upon the court's journal to constitute an appointment, we need not say, but it would seem difficult to use language more definitely declaring that one named as executor in the will should act in that capacity than was used when the court ordered that—

"The further administration of this estate, at the option of said legatee, be conducted by her in pursuance of the statute authorizing a residuary legatee to give bond to pay debts, which shall be given to the approval of the court within ten days," and then, after a bond in exact conformity with the statute is given by her, and the court uses this language in its order:

"Now comes Meliss Bloch, residuary legatee, and presents her bond * * * to the approval of the court and it is ordered that said estate be turned over to her."

But whether by this bond the surety company was bound to pay the decedent's debts or not, it had the written undertaking, as hereinbefore shown, of Meliss Bloch, to indemnify it against any and all demands, liabilities and expenses, including counsel

fees which it might sustain or incur by reason of having executed such bond and to pay the premiums for so executing it, and it had in the hands of its trustee, Goff, the deed to secure the performance of this agreement. It claimed to have made payments, to have incurred expenses and to be entitled to premiums on account of having so executed the bond. That being so, it would be entitled to reimbursement, and as against Meliss Bloch, it would have a lien on this real estate, whether the bond could have been enforced against it or not.

Meliss Bloch was the residuary legatee. This real estate, under the will of her husband was hers, provided she paid the debts and legacies and costs and expenses of administration. She agreed, for the purpose of keeping this real estate, that if the surety company would make these payments for her, she would repay them and also pay their expenses and the stated premium. If they did this for her she could not escape liability to them.

It is further complained that the rights of the company as against Meliss Bloch could not lawfully be determined in the proceeding to sell real estate.

Section 6137, Revised Statutes, provides that the executor or administrator, in order to obtain the necessary authority to sell real estate to pay debts, etc., "shall commence a civil action in the probate court or the court of common pleas," etc.

Section 6142, Revised Statutes, provides that—

"In such action the widow of the deceased, and the heirs, devisees or persons having the next estate of inheritance from the deceased, and all mortgages and other lienholders, whether by judgment or otherwise, of any of the lands sought to be sold, and all trustees holding the legal title thereto or to any part thereof * * * shall be made parties."

Section 6145, Revised Statutes, provides that the court in which such action is pending, shall have full power to determine the equities between the parties and to order a distribution of the avails of the sale according to the equities and priority of lien as found by the court.

This action, then, has all the essentials of a civil action, and may be brought either in the court of common pleas or in the

probate court, and in whichever court brought, the rights of the several parties in the subject-matter of the action may be determined by scuh court.  If brought in the probate court it may be appealed to the court of common pleas, as was done in this case, and the appellate court has the same jurisdiction as it would have had if the case had been originally brought in that court.  Revised Statutes, Section 6407.

We hold, therefore, that the common pleas court had jurisdiction to determine the rights of the surety company as against Meliss Bloch, and its judgment in that regard is affirmed.

It is further complained that the court fixed by its order what credits should be allowed to the administrator and what unsecured claims should be paid by him.

Section 524, Revised Statutes, provides that the probate court shall have exclusive jurisdiction to settle the accounts of executors and administrators.   Section 6407, Revised Statutes, provides for appeals to the court of common pleas ''from any order, decision or judgment of the probate court in settling the accounts of an executor, administrator,'' etc.

This appeal is distinct from the appeal provided for in the same section in proceeding for the sale of real estate.  It follows, therefore, that the court of common pleas exceeded its jurisdiction in determining what credits should be allowed or disallowed to the administrator and what unsecured claims should be paid by him.

The judgment of the court of common pleas is to be so modified as to order the administrator, out of 'the avails of said sale, to pay to said surety company the amount found due to it from said Meliss Bloch, or so much thereof as shall not be required for the payment of debts of the deceased, and the costs and expenses of administration as the same shall be fixed by the probate court upon the settlement of the accounts of said administration in that court.

*T. H. Johnson,* for plaintiff.

*Kline, Carr, Tolles & Goff,* for defendant.